**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Southeast Cinema Entertainment, Inc., Respondent,

v.

South Carolina Department of Revenue, Appellant.

Appellate Case No. 2014-001469

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2015-UP-563
Submitted October 1, 2015 – Filed December 23, 2015

**REVERSED AND REMANDED**

Milton Gary Kimpson, Nicole Martin Wooten, and
Timothy C. Thompson, all of the South Carolina
Department of Revenue, of Columbia, for Appellant.

**PER CURIAM:** The South Carolina Department of Revenue (the Department) appeals a decision of the administrative law court (ALC) granting summary judgment to Southeast Cinema Entertainment, Inc. (Southeast).[1] The Department argues the ALC erred by determining a provision of the contract between

---

[1] Southeast did not file a brief and is not represented by counsel in this appeal.

Southeast and the IMAX Corporation (IMAX) that required Southeast to make additional payments (Additional Monthly Payments) to IMAX was for film content and, thus, not subject to South Carolina sales tax. We reverse and remand.[2]

Despite the Department's failure to challenge the ambiguity of the contract provision on appeal, this court still has the authority to recognize an ambiguity when reviewing whether summary judgment was properly granted. *See Wallace v. Day*, 390 S.C. 69, 75, 700 S.E.2d 446, 449-50 (Ct. App. 2010) (holding although the parties stated they were not arguing the contract provisions were ambiguous, they presented opposing arguments on the interpretation of the contract and the court had "not only the authority but also the responsibility to recognize an ambiguity in a contract when determining whether the trial court appropriately relied on the contract's language in granting summary judgment"). Although both Southeast and the Department moved for summary judgment, they offered different interpretations of the purpose of the Additional Monthly Payments provision.

The ALC agreed with Southeast's argument, finding the agreement "makes it clear the [Additional Monthly Payments] are separate charges from the [$1,150,000] purchase price of the system." The ALC further found "the percentage of net admissions proceeds IMAX charge[d] [Southeast was] essentially a fee for showing films provided by IMAX." However, the Department noted Southeast had agreed to "exhibit all IMAX Approved Content commencing from the earliest date any such content [was] released for exhibition at the Theatre provided that such content [was] offered to [Southeast] on commercially reasonable terms generally found in the industry." The Department argues this provision is evidence Southeast would be required to purchase film content at a later time and therefore, was not purchasing film content from IMAX with the Additional Monthly Payments. Furthermore, in the introductory statement of the contract, IMAX agreed to (1) sell to Southeast an IMAX theater system, (2) provide maintenance services for the IMAX theater system, and (3) license to Southeast certain IMAX trademarks. Selling Southeast any film content is not mentioned in this introduction or anywhere else in thirty-five pages of the contract provided in the record.

Because both Southeast's and the Department's interpretations of the provision are reasonable and the purpose of the Additional Monthly Payments provision cannot be discerned from the four corners of the contract, the provision is ambiguous. *See*

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

*S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001) ("A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation."). Thus, the ALC erred in granting summary judgment in favor of Southeast. *See Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party."); *Wallace*, 390 S.C. at 76, 700 S.E.2d at 450 (determining the terms of the contract were "reasonably susceptible to more than one interpretation" and holding "the determination of the parties' intent at the time they executed the contract is a question of fact that should not have been decided on summary judgment"); *Bishop v. Benson*, 297 S.C. 14, 17, 374 S.E.2d 517, 518-19 (Ct. App. 1988) (stating summary judgment is not proper when "the motion presents a question as to the construction of a written contract, and the language employed in the contract is ambiguous so that [the] intention of the parties as to the legal effect of the contract may not be gathered from the four corners of the instrument"). Accordingly, we reverse the ALC's grant of partial summary judgment to Southeast on the issue of whether the Additional Monthly Payments were untaxable box office fees and remand the issue to the ALC for additional proceedings.

**REVERSED AND REMANDED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**